IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 2:10-cv-00543 |
| | ) |
| SENECA VALLEY SCHOOL DISTRICT, | ) Judge Mark R. Hornak |
| DONALD J. TYLINSKI, *in his individual* | ) |
| *capacity and as Superintendent of Seneca* | ) |
| *Valley School District*, MARK KORCINSKY, | ) |
| *in his individual capacity and as Principal of* | ) |
| *Seneca Valley Senior High School*, DENISE | ) |
| MANGANELLO, *in her individual capacity* | ) |
| *and as Assistant Principal of Seneca Valley* | ) |
| *Senior High School*, ALAN CUMO, *in his* | ) |
| *individual capacity as Principal of Seneca Valley* | ) |
| *Intermediate High School*, ROBERT RASO, | ) |
| *in his individual capacity as Assistant Principal* | ) |
| *of Seneca Valley Intermediate High School*, | ) |
| JOHN ROE and SUSAN ROE, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

**Mark R. Hornak, United States District Judge**

Pending before the Court is Defendant John Roe's motion, filed June 25, 2012, to quash a subpoena issued by the Plaintiff for access to Mr. Roe's public school records in the custody of the Seneca Valley School District ("District"). The time for responses to such motion having passed, it is now ripe for disposition. For the following reasons, the motion is denied.

At the heart of this case are the allegations that Plaintiff Jane Doe (who has now reached the age of majority) was sexually assaulted by Mr. Roe while both attended public school in the

1

District. The Plaintiff brings claims against the District, several of its administrators in their individual capacities (together with the District, the "School Defendants"), and Mr. Roe and his sister, Jane Roe, seeking damages for alleged harm to her from that assault and related conduct. Central to her claims against the School Defendants (and to their defense) is the degree to which they could be found to have been on notice that the Plaintiff might be at risk of such an assault, because, for her claims to succeed, she must demonstrate some level of deliberate indifference to her safety and to her interests on the part of the School Defendants. Thus, what the District and its officials knew or should have known about Mr. Roe's prior disciplinary record and/or his prior behavior would either be relevant in its own right, or could reasonably lead to the discovery of relevant evidence, all within the broad standard of discoverability under Fed. R. Civ. P 26(b)(1).

Because Mr. Roe's educational records would be covered under The Family Education Rights and Privacy Act ("FERPA"), 20 U.S.C. §1232g, the District would not provide them to Plaintiff in response to a discovery request under Fed R. Civ. P. 34, but instead required the Plaintiff to issue a subpoena for them. This motion was apparently in response to that subpoena. Because Mr. Roe is now eighteen (18) years old, pursuant to FERPA, he (rather than he and his parents), has certain rights under FERPA regarding the sanctity of those records. *See* 20 U.S.C. §1232g(d).

FERPA-covered records may be released by a school district in response to a subpoena. *See* 20 U.S.C. §1232g(b)(2)(B). The District is required by that provision to give notice to Mr. Roe prior to its compliance with the subpoena. Mr. Roe, in his motion, objects to the production of his student educational records on the basis that: (1) the request is outside of the scope of permissible discovery under Fed. R. Civ. P. 26, (2) some of the contents of such records may be

ultimately inadmissible, (3) the records likely contain inadmissible hearsay, (4) some of the record documents contain information about his interactions with students other than the Plaintiff and/or are otherwise "unrelated," and (5) they relate to disciplinary events other than those involving the Plaintiff. He further objects that counsel for Plaintiff did not give him a copy of the subpoena she issued to the District.

Mr. Roe's objections are not well taken. First, it must be noted that the Court has not been provided with a copy of the subpoena. Based on the representations of counsel for the Plaintiff and the School Defendants in previous proceedings in this case, the Court understands that the subpoena is for Mr. Roe's educational records, and the Court will proceed on that basis. As noted above, the Plaintiff's request for those records is one that is "reasonably calculated" to lead to the discovery of relevant information in this case, given the allegations of the Complaint and the defenses asserted. That some of the information contained in the records may later be inadmissible because it is hearsay, or otherwise, is of no moment, given the broad discoverability standard of Fed. R. Civ. P. 26(b)(1). That they may contain information about Mr. Roe's interactions with, or disciplinary actions relative to, students other than the Plaintiff is precisely the point as to why such information may be relevant, or could lead to relevant information. Under Fed. R. Civ. P. 45, Plaintiff was under no obligation to serve anyone other than the District with the subpoena, but it was the District's FERPA obligation to advise Mr. Roe prior to its complying with the subpoena, so that is also not an issue. Mr. Roe's right under Fed. R. Civ. P. 45(c)(3)(B) to seek this Court's protection as an "affected" person has been vindicated as demonstrated by his filing of this motion. Finally, by insisting on the subpoena process, it would appear that the District has gone above and beyond the call of any duty it may have had under FERPA to safeguard Mr. Roe's records and privacy interests in this context.

The District has not filed a motion to quash or modify the subpoena, and it would appear that the time for doing so has passed, and, for the reasons noted above, such a motion would not be well-taken in any event. Mr. Roe is now aware of the subpoena, and will by this Order be aware of the District's impending compliance with the subpoena. Thus, the intricacies of FERPA compliance have been fulfilled.

The Court does believe that pursuant to Fed. R. Civ. P. 45(c)(3)(B) and Fed. R. Civ. P. 26(c)(1), given the nature of the records in question, the records to be produced subject to the subpoena are to be produced on the following terms:

1. Counsel for the District shall maintain at their office an original, complete copy of all such records. The copy to be produced to counsel for the Plaintiff may redact the name of any other then-minor student involved in any matter. No other material may be redacted.

2. The requested records shall be produced by the District to counsel for the Plaintiff not later than the earlier of (a) the time set forth for compliance in the subpoena, or (b) July 16, 2012.

SO ORDERED this 9th day of July, 2012.

Mark R. Hornak
United States District Judge

cc: All Counsel of Record
John Roe
Susan Roe